IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CV-29-FL

| | | |
|---|---|---|
| JAMES ARTHUR SMITH and CHERYL LYNNE SMITH, | ) ) ) | |
| Plaintiffs, | ) ) ) | ORDER |
| v. | ) ) | |
| KAPSTONE KRAFT PAPER CORP., | ) ) | |
| Defendant. | ) | |

This matter is before the court on the joint status report and motion to lift stay (DE # 16) filed by both parties on December 8, 2011. Where the joint motion indicates the contradictory positions of both parties, neither party responded. The issue raised is ripe for ruling, and for the following reasons, the court grants the motion to lift stay.

Defendant filed notice of removal to this court on March 11, 2010. Plaintiffs have brought suit for injuries sustained by plaintiff James Smith while he working in Roanoke Rapids, North Carolina, and a catwalk collapsed. Case management order has been entered in this case, and the parties began to engage in discovery. On May 12, 2011, however, defendant filed motion to stay, which this court granted on June 7, 2011. The court's order directed the parties to file status report every six months to update the court on the status of the workers compensation appeal. The parties complied with that directive, and filed the instant status report and motion.

The parties' motion reveals that the matter has been ruled on by the full commission of the North Carolina Industrial Commission. The matter may be appealed by one of the parties to the

North Carolina Court of Appeals. Plaintiffs desire to have the stay lifted, as they contend that the issues appealed to the Court of Appeals will not include defendant was the statutory employer of plaintiff James Smith. Defendant, on the other hand, desires to have the stay remain in effect until final decision has been made in the workers compensation matter as to whether defendant is plaintiff's common law or statutory employer. Defendant cites to its previous motion to stay for further argument on this point.

In their motion to stay, defendant contends that the issue of plaintiff's employment status would not be resolved until a final ruling of the full industrial commission, "and possibly the Court of Appeals." (Defs.' Mot. Stay 3). Thus, defendant previewed the possibility that they would wish the stay to continue through appeal to the North Carolina Court of Appeals, but such possibility was just that, a possibility. In the instant motion to lift the stay, defendant still suggests that a "final decision" has not been made in the workers compensation matter, though the matter has been ruled on by the full commission. The parties note that the matter "may" be appealed by either party to the court of appeals, but does not indicate whether such appeal will actually be made. More importantly, defendant does not offer more than the merest of suggestions that the issue on which it desires a "final determination" is even going to be the subject of an appeal.

While the court acknowledges the merits of the stay pending decision before the industrial commission, the extension of the stay pending a possible appeal to the state court of appeals that might address a specific issue does not warrant the continued delay of this litigation. The court notes its duty to administer the federal rules in a way to promote the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Maintaining the stay now in effect

without a stronger showing from defendant of why the stay is necessary strikes the court as contrary to the requirements of Rule 1.

Accordingly, the parties' motion to lift stay (DE # 16) is GRANTED. The stay currently in place is LIFTED. The parties are directed to file joint report with the court within twenty-one (21) days setting forth a proposed case schedule.

SO ORDERED, this the 25th day of April, 2012.

LOUISE W. FLANAGAN
United States District Court Judge

3